CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RJK

NOV 30 2010

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL ANTHONY MCCLANAHAN, Plaintiff, | Civil Action No. 7:10-cv-00522 |
| v. | MEMORANDUM OPINION |
| BUCHANAN COUNTY CIRCUIT COURT, et al., Defendants. | By: Hon. Jackson L. Kiser Senior United States District Judge |

Michael Anthony McClanahan, a Virginia inmate proceeding pro se and requesting leave to proceed in forma pauperis, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants the Buchanan County Circuit Court and the Southwest Virginia Regional Jail ("Jail") Authority. This matter is presently before me for screening, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following bare facts in his verified complaint. Plaintiff was indicted and tried for crimes against the property of a person who sat on the jury panel, in violation of due process. Several months later, the state circuit judge ordered plaintiff incarcerated at the Jail without a reason. Since April 2010, plaintiff has been incarcerated at the Jail, which is overcrowded and unsanitary. Plaintiff also simply states that he has "had religious views forced upon" him. Plaintiff requests an immediate release from incarceration and $1,000,000.00 in damages for his incarceration.

## II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.

1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, the circuit court is not a "person" subject to suit under § 1983. Furthermore, it is well-settled that a judge is "absolutely immune from a claim for damages arising out of his judicial actions." Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335 (1872)). "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. Therefore, plaintiff's claims about the state court judge are not presently actionable via § 1983.

Moreover, "civil tort actions are simply not appropriate vehicles for challenging the validity of outstanding criminal judgments." Harvey v. Horan, 278 F.3d 370, 374-75 (4th Cir. 2002) (internal quotation marks omitted). Permitting civil actions to be used "for that purpose would undercut the long-standing concern not to undermine the finality of criminal convictions through civil suits." Id. at 375. Therefore, I must consider whether a judgment in favor of the plaintiff in this suit would necessarily imply the invalidity of his conviction or sentence; if it would, I must dismiss the complaint unless the plaintiff can demonstrate that the institutional

3

conviction or sentence has already been favorably invalidated. Heck v. Humphrey, 512 U.S. 477, 487 (1994). Favorable invalidation occurs when "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Id.

Success on plaintiff's claims clearly would imply the invalidity of his current confinement because he essentially argues legal innocence of the acts for which he is presently incarcerated: if it were not for the flaws in due process, depriving him of his constitutional rights, plaintiff would not be incarcerated. Plaintiff cannot prove favorable termination because he is still incarcerated for which he seeks monetary relief.[1] Therefore, plaintiff may not attack his conviction via a civil rights action without establishing any favorable termination. To the extent plaintiff requests a quicker release from custody, his sole remedy in federal court is a properly filed habeas petition. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (stating that writ of habeas corpus is sole federal remedy when inmate challenges fact or duration of imprisonment and relief sought is finding that the inmate is entitled to a speedier release). Therefore, plaintiff may not seek an order from a § 1983 action that would release him from custody quicker than what an imposed sentence requires. Therefore, plaintiff's complaints about his state court prosecution presently fail to state a claim upon which relief may be granted.

Plaintiff also fails to state a claim against the Jail Authority. Plaintiff's bare conclusions of overcrowding and unsanitary conditions are not entitled to an assumption of truth, and plaintiff fails to describe how any defendant unconstitutionally forced religions views on him. Accordingly,

---

[1] Plaintiff does not allege that habeas remedies are not available to him.

4

plaintiff's conditions of confinement claims fail to state a claim upon which relief may be granted and are subject to dismissal without prejudice.

III.

For the foregoing reasons, I grant plaintiff leave to proceed in forma pauperis and dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 30th day of November, 2010.

Senior United States District Judge